UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMY BLANCHARD,

    Petitioner,

    v.                                CAUSE NO. 3:22-CV-510-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jeremy Blanchard, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-22-2-26) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and two demotions in credit class.

Blanchard argues that he is entitled to habeas relief because the hearing officer denied his request to consider his bed location history. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The administrative record contains Blanchard's bed location history, and

the hearing officer submitted an affidavit in which she attests that she considered it. ECF 9-8; ECF 9-13. The hearing officer further attests that she credited Blanchard's position that he was assigned to a bed that was different than the bed in which the knife was found but further found that he had switched beds with another inmate. ECF 9-13. Consequently, even if the hearing officer did not consider the bed location history, it is unclear how it affected the outcome of the disciplinary hearing. Therefore, the claim that the hearing officer did not allow him to present evidence is not a basis for habeas relief.[1]

Blanchard argues that he should not have been found guilty because another inmate had been placed in segregation for possessing the same weapon that was the subject of his disciplinary charge. Departmental policy defines possession as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

ECF 9-12 at 6. Blanchard does not provide evidence to support that another inmate had been punished for possessing the same weapon or make any allegations based on personal knowledge to explain the factual basis for this assertion. Further, upon reviewing the departmental definitions of possession and Offense 106, it is unclear why

---

[1] Blanchard also argues that correctional officials did not allow him to present video recording evidence, but he concedes that he did not request such evidence until after the disciplinary hearing had concluded on administrative appeal. ECF 1 at 5; ECF 9-4; ECF 9-9.

two inmates, and particularly cellmates, could not be found to have shared possession over a weapon. Therefore, this claim is not a basis for habeas relief.

Blanchard argues that the sanctions imposed were in excess of the sanctions permitted by departmental policy. "A federal court will not normally review a state sentencing determination [that] falls within the statutory limit." *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). According to departmental policy, inmates found guilty of possessing a weapon may be sanctioned with up to the loss of one year of earned credit time and a three-step demotion in credit class. ECF 9-12 at 39-41. Because Blanchard's sanctions were within the parameters set forth by departmental policy, they are not a basis for habeas relief.

Blanchard argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by falsely indicated that he refused to participate in the hearing. He further maintains that the hearing officer demonstrated bias by refusing to consider his bed history, by finding him guilty when another inmate had been punished for the same offense, and by imposing excessive sanctions, but, for the reasons set forth above, these actions are not persuasive evidence of improper bias.

In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* There is no indication that the hearing officer was

3

involved in the underlying incident. To Blanchard's point, the hearing report states, "DBH enters a not guilty plea for Offender Blanchard as he declines to participate." ECF 9-6. However, it appears that this statement was true as Blanchard concedes that he refused to participate if only after fifteen to twenty minutes of participating. ECF 1 at 5. The hearing officer could have provided more details about the nature of Blanchard's refusal, but the hearing report does not purport to be a complete transcript of the hearing. Given that the statement was not false, it is unclear how its presence suggests improper bias. Therefore, the claim of improper bias is not a basis for habeas relief.

If Blanchard wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jeremy Blanchard leave to appeal in forma pauperis.

SO ORDERED on October 19, 2022

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
